SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

FREDERICK E. WALKER

Plaintiff(s),

-against-

CITY IF ROCHESTER, NEW YORK; MONROE COUNTY
DISTRICT ATTORNEY; SANDRA DOORLEY;
ROCHESTER POLICE DEPARTMENT; NEW YORK
STATE DIVISION OF PAROLE; INVESTIGATOR ERIN
ROGERS; COUNTY OF MONROE; LANCSYA HAMS

Defendant(s).

Index No. 2020 -1124

DATE Filed: 6/23/2020

Summons

FILED

JUN 2 3 2020

Monroe County
Clerk's Office

Date Index No. Purchased:

To the above named Defendant(s)

CITY IF ROCHESTER, NEW YORK; MONROE COUNTY DISTRICT ATTORNEY; SANDRA DOORLEY;
ROCHESTER POLICE DEPARTMENT; NEW YORK STATE DIVISION OF PAROLE; INVESTIGATOR ERIN
ROGERS; COUNTY OF MONROE; LANCSYA HAMS

You are hereby summoned to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the Plaintiff's attorney within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

The basis of venue is THE CITY OF ROCHESTER, NEW YORK
which is THE CITY WHERE THE INCIDENT OCCURED

Dated: June 23, 2020

by _____
Frederick E. Walker
Attorneys for Plaintiff
59, Hall Street
Rochester, New York 14609

2020 JUL 17  A  9: 45
ROCHESTER
POLICE DEPARTMENT
HEADQUARTERS

2020 JUL 14  AM 9: 44
COUNTY OF MONROE
OFFICE OF SHERIFF
CIVIL BUREAU

STATE OF NEW YORK SUPREME COURT
COUNTY OF MONROE

---

FREDERICK E. WALKER,

                                   Plaintiffs,

        --against—

SANDRA DOORLEY- DISTRICT ATTORNEY
OF MONROE COUNTY; THE CITY OF
ROCHESTER NEW YORK; COUNTY OF
MONROE; ROCHESTER POLICE
DEPARTMENT; STATE OF NEW YORK;
NEW YORK STATE DIVISION OF
PAROLE; INVESTIGATOR ERIN ROGERS;
LANCYSA HAMS; CRYSTAL WALLACE.

                                Defendants.

**AMENDED
COMPLAINT**

*Index No, 2020 - 1124
Date Filed: 6/23/2020*

**FILED**

**JUL 1 3 2020**

Monroe County
Clerk's Office

---

      Plaintiff, as and for their Complaint against the Defendants herein, allege as follows:

## NATURE OF THE ACTION

1.    This Complaint alleges violations of 42 U.S.C. §1983 for the deprivation of the Plaintiff, FREDERICK E. WALKER ("Plaintiff") constitutional rights to be free from unlawful search and seizure from the police in the form of false arrest and malicious prosecution.

2.    The claim is for false arrest, false imprisonment, malicious prosecution, abuse of process, assault and battery, intentional infliction of emotional distress, unintentional infliction of emotional distress, violation of civil rights pursuant to 42 USCA §1981, 1983 and 1985, gross negligence, negligence, negligence in hiring and retaining incompetent and unfit police officers and investigators, negligence in training and instruction of its policemen, and negligence in performance of its police duties.

3.    Plaintiffs also make claims against various individuals for providing false verbal and written statements to authorities false arrest and malicious prosecution and other torts committed against Plaintiffs.

JURISDICTION

4.    Plaintiff brings this action to recover damages for violation of his civil rights under the Fourteenth Amendment to the United States Constitution, codified at 42 U.S.C. § 1983, and the United States Constitution, Amendments Five and Fourteen.

5.    Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C §§ 2201 and 2202.

6.    Compensatory and punitive damages are sought pursuant to 42 U,S,C § 1983.

7.    Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §1988.

8.    As mandated by the Supremacy Clause in relation to action s brought pursuant to 42 U.S.C. §1983, Plaintiff does not have to comply with Municipal Law Section 50-e with regard to filing a Notice of Claim with regard to federal causes of action pursuant to § 1983.

9.    Plaintiffs timely filed a Notice of Claim with regard to their Causes of Action. More than thirty (30) days have passed since service of the Notice of Claim but no offer of settlement was made by Defendants herein.

VENUE

10.   This action properly lies in the Supreme Court of the State of New York held in and for the County of Monroe because Plaintiff is a resident of this Judicial District residing in the City of Rochester, State of New York and County of Monroe.

PARTIES

11.   At all times herein mentioned, Plaintiff is an individual of African American decent and resident of the County of Monroe and State of New York.

12.   Defendant CITY OF ROCHESTER ("the City") is a municipality that is a political subdivision of the County of Monroe and State of New York and for all relevant times herein, was the employer of defendant, Police INVESTIGATOR ERIN ROGERS and is and was at all times relevant to this Complaint responsible for the policies, practices and customs of the ROCHESTER CITY POLICE DEPARTMENT.

13.   Defendant ROCHESTER CITY POLICE DEPARTMENT ("RPD") is the department of the City responsible for, among other things, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the RPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all RPD matters and was responsible for the appointment, training, supervision, and conduct of all RPD personnel. In addition, at all relevant times, the RPD together with the City was responsible for enforcing the rules of the RPD, and for ensuring that the RPD personnel obeyed the constitutions and laws of the United States and the State of New York.

14.   In addition to the facts alleged in the following paragraphs, the aforementioned defendants are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or City.

15. At all times relevant herein, defendants INVESTIGATOR ERIN ROGERS was a police officer employed by the RPD and acting in the capacity of agents, servants, and employees of the City.

## STATEMENT OF FACTS

16.     On May 30, 2019 at approximately 6:30 am in the city of Rochester, New York, the Plaintiff was home at 59 Hall Street, Rochester New York, when he heard a knock at his front door. Plaintiff's wife told him to get the door that it was their daughter Shauntavia.

17.     When plaintiff looked down the stairs, he noticed two people at his door with their badges exposed on their front chest area.

18.     Thinking that they were his parole officers (the plaintiff is currently on life parole).

19.     Thinking that they were making a home visit, plaintiff opened the door and noticed that there were about 20 or more United States Task Force officers with their badges out surrounding his home, in his neighbors back yards and both of his street blocked off.

20.     The plaintiff was immediately grabbed by both wrists and asked if he had any weapons on him that the plaintiff replied "No".

21.     The plaintiff then asked the officers what was going on and why they were taking him into custody and that he had did nothing wrong.

22.     The plaintiff was told that everything would be told to him once he was in the patrol car.

23.     Upon reaching the patrol car the plaintiff was told that Investigator Erin Rogers wanted to speak to him and he was then transported to the Clinton Avenue precinct.

24.     The Plaintiff was taken to the Clinton Avenue precinct and placed into a room, handcuffed to a table for approximately 30 minutes prior to Investigator Erin Rogers arrival.

25.     The investigator introduced himself as Erin Rogers from the Rochester City Police department.

26.     The Plaintiff asked why he was taken into custody and he was asked if he knew an Individual by the name of "Crystal Wallace."

27.     The  plaintiff responded "Yes" and told the investigator that she is his niece.

28.     The plaintiff was then told that he had been implicated in a robbery, burglary, and assault of a person by the name of Lancysa Hams by Mr. hams and his niece Crystal Wallace.

29.     The plaintiff explained to the investigator that he was not involved, nor did he have any knowledge of this matter.

30.     The plaintiff expressed that he was innocent of these charges.

31.     The investigator asked the plaintiff if he had a phone and how long did he have the phone and the plaintiff explained to the investigator that he did have a phone and that he had it for approximately one year.

32.     The investigator asked for permission to go inside the plaintiff phone because it would show his whereabouts on that day and time and the plaintiff gave the investigator permission to go inside his phone if it would help to prove his innocent of these allegations.

33.     The investigator then left the room and approximately 30 minutes later two Rochester police officers came inside the room and told the plaintiff that he was under arrest and transported the plaintiff to Monroe County Jail.

34.     On June 3rd 2019, the Plaintiff was arranged on the Charges of Robbery 1s1, Burglary First,

35.     Assault First and Grand Larceny.

36.     On June 4th, 2019, attorney Paul Guerrier, 1 East Main Street, 10th Floor, Rochester, New York 14614 was appointed to represent the plaintiff in this matter.

37.     The plaintiff informed his attorney Paul Guerrier that he was innocent of these charges and that the earl morning that this crime was being committed on April 27, 2019, at

approximately at 4:30 am, he was at home sick with a stomach virus, sitting on the toilet with diarrhea and throwing up in the bathtub at the same time.

38.    The plaintiff has been able to provide the text messages from his wife when he was at Rochester General Hospital while in the emergency Department, doctor's prescriptions, medical records and pictures of the medicine prescribed.

39.    The plaintiff has also been able to provide the GPS phone records given to the Investigator Erin Rogers, letters from his two sons stating that he was home sick the morning of the incident.

40.    The plaintiff also has a letter from his wife mentioning his illness that morning and that the plaintiff had been sick for a few days prior to this incident.

41.    The plaintiff also has job records showing he was sent home due to being sick with a stomach virus and had been unable to work for approximately a week and a half prior to this incident.

42.    The plaintiff's wife, Sharon Walker. was also able to locate a witness by the name of Natashia L. Jamison who was there on the night of the incident and a witness to the fight between Mr. Hams and Ms. Wallace and was able to provide a sworn statement and testimony that she never met the plaintiff until he came to court in support of his niece Ms. Wallace approximately 2 weeks later.

43.    Ms. Jamison was also able to provide details about the incident and text messages between the victim and Crystal Wallace and testimony when she spoke to the plaintiff's investigator Rhinstin and his attorney Mr. Guerrieri, that Mr. Hams was lying about the entire incident and what actually occurred that morning.

44.    Ms. Jamison was also able to provide a picture of the person who actually stabbed Mr. Hams who goes by the street names of "Tru" Wallace (No relationship to Crystal Wallace)

and that the alleged victim Mr. Hams is legally blind due to being shot in his head prior to this incident.

45.     Ms. Jamison was also able to testify at the plaintiff's Grand Jury on July 16, 2019 to these facts

46.     An Officer named Torres was located and also testified very favorably for the plaintiff that he was not involved in this incident and that he was the officer who had been involved in the investigation of this matter.

47.     After all the evidence was presented and testimony heard at the Grand Jury, the Grand Jury "No Billed" the case and dismissed the charges against the plaintiff.

48.     New York State Division of Parole re-instated the plaintiff back to parole supervision and he was released from custody (the plaintiff is serving a life sentence).

49.     Due to the actions "Directly" and "Indirectly" the plaintiff lost his job at Monroe Muffler via career Start, was unable to attend his planned honeymoon with his wife and family reunion which him and wife had planned for over a year (approximately 14 months) and paid $1,962.37 for which included round trip airfare, a vacation home and car rental fees for 4 days.

50.     The plaintiff also missed his daughter's graduation from high school which he had planned for over a year, two of his grandsons middle school graduations, Great grandson's first month on this earth celebration and party and his youngest grandson birthday party.

51.     The plaintiff has experienced false arrest, malicious prosecution and infliction of emotional distress to the degree that the plaintiff sought and had mental health treatment for approximately 5 months and was diagnosed as now suffering from PTSD and he may still need further treatment in the coming months or years.

52.     The plaintiff suffered humiliation by being snatched out of his house by 20 or more United Marshall Task Force agents. His house was surrounded and agents were in his

backyard and his neighbors back yard, and the streets was blocked off in both directions and due to these actions the neighbors also came outside to see why so many agents were in their yards and the streets blocked off in both direction.

53.     The plaintiff was handcuffed and paraded out of his front door while his neighbors watched.

54.     The plaintiff was incarcerated for 77 days and suffered physical and mental problems caused by his incarceration for example (Discomfort, fear, lack of privacy as well as lost of freedom while imprisoned, separation from his wife, children, grandchildren, great grandchildren, humiliation, interference with personal relationship his neighborhood.

55.     It is the belief of Plaintiff that the ROCHESTER City Police Department did not adequately train its employees and did not properly supervise to insure that the policing activities of its agents, servants and employees did not contravene the Fourteenth, the Fourth, the Fifth, and Eight Amendments of the United States Constitution and the laws protecting citizens of the State of New York under the Constitution of the State of New York. In addition, both the City of ROCHESTER, ROCHESTER City Police Department has shown a deliberate indifference to Plaintiff's health, civil and constitutional rights granted by the United States Constitution and the laws of the State of New York and its Constitution.

56.     Defendants Assaulted and/ or Battered Claimant, used Excessive Force, Overly Tight Hand Cuffs, Defamation/Libel, Fraud and Misrepresentation, Illegal Search and Seizure, False Imprisonment, Malicious Prosecution, Wrongful Detainment, Intentional Infliction of Emotional Distress, Entry and Detainer, Retaliation, Abuse of Process, Conspiracy, Lost of Consortium, Intentional Negligent and malfeasance, Supervisory Liability, Municipality Liability, Equitable claims.

57.     At all times the, ROCHESTER City Police Defendants were acting under Color of Law when they violated Plaintiffs' Constitutional and Civil Rights granted to them by the provisions of the laws of the laws of New York, and the United States.

58.     Plaintiff was required to retain the services of legal counsel to defend them in these false criminal actions.

59.     Plaintiff's Claims in compensatory, punitive, and nominal damages exceed the statutory limits of all lower Courts. Furthermore, medical treatment is incomplete.

60.     Plaintiff has not engaged in any unlawful activity justifying the actions of the defendant police officer, Investigator Erin Rogers.

61.     Upon information and belief, Defendant, Investigator Erin Rogers, was and is a ROCHESTER City Police Officer, who was employed and acting in furtherance of his employment with the City and RPD during the incident in question acting in furtherance of his duties as a City Police Officer on behalf of the City of ROCHESTER.

62.     Defendant Investigator Erin Rogers's conduct was grossly negligent in that the violently and without justification, in filing unfounded charges against Plaintiff, Frederick E. Walker, with complete abandon of the norms and expectations of reasonableness under the circumstances.

63.     That solely by reason of the negligence of the Defendants, as aforesaid, the Plaintiff became sick, sore, lame and disabled and suffered and is still suffering great physical and mental pain and discomfort. Plaintiff FREDERICK E. WALKER suffered emotional distress after being arrested without probable case and prosecuted for over seventy-seven days. Plaintiff was compelled to and did obtain medical aid, and was prevented from engaging in physical, social activities, and caused him disability from attending to his normal and customary activities, and all of his injuries, upon information and belief, are of a permanent nature, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

64.     Thereafter Defendant Investigator Erin  Rogers, did intentionally and/or negligently

misrepresent and falsify facts and evidence and withheld information of facts in the following manner:

    a)  Failure to conduct proper investigation of this matter;

    b)  In failing properly to vet witnesses used in the prosecution of this matter;

    c)  Failing to allow Plaintiff opportunity to present exculpatory proof prior to her arrest;

    d)  Continued prosecution when it became abundantly clear continuation of prosecution continued without probable cause;

    e)  Continuation of prosecution despite exculpatory evidence;

    f)  In actively pursuing proceeding after learning it lacks merit;

    g)  Proceeding in prosecution of matters after acquiring knowledge of intervening facts exonerating claimant; Defendant, Investigator Erin  Rogers, failed in disclosing all matters within their knowledge that a person of ordinary intelligence would believe material on the question of guilt or innocence in particular knowing Plaintiff FREDERICK E. WALKER he was at home sick with a stomach virus; refused to review  text messages from Plaintiff's his wife when he was at Rochester General Hospital while in the emergency Department, doctor's prescriptions, medical records and pictures of the medicine prescribed; . refused to consider GPS phone records given to the Investigator Erin Rogers; refused to interview alibi witnesses from Plaintiff's two sons confirming he was home sick the morning of the incident; refused to interview Plaintiff's wife who witnessed Plaintiff's illness that morning and could confirm plaintiff had been sick for a few days prior to this incident; refused to review Plaintiff's job records showing he was sent home due to being sick with a stomach virus and had been unable to work for approximately a week and a half prior to this incident; refused to interview and consider the disinterested eyewitness account of Natashia L. Jamison who was there on the night of the incident and a witness to the fight between Mr. Hams and Ms. Wallace and was able to provide a sworn statement and testimony that plaintiff was not involved in the alleged incident; .refused to consider a photograph provided by the witness, Ms. Jamison of the "Tru" Wallace, the person who actually stabbed Mr. Hams; refused to consider exonerating statements from Officer named Torres who confirmed Plaintiff was not involved in this incident;

    h)  Plaintiffs believe these proceedings were commenced based upon a wrong or improper motive other than a desire to see the ends of justice served;

    i)  Plaintiffs believe Defendant Investigator Erin  Roger, presented false testimony to the Grand Jury;

65.     Upon information and belief, Investigator Erin  Rogers filed a false accusatory

instrument Information/complaint charging Plaintiff FREDERICK E. WALKER with Rochester City

Court and in doing so, Defendant Investigator Erin Rogers acted negligently and without reasonable or probable cause therefor.

66.     Upon information and belief, Defendant Investigator Erin Rogers attempted to shield himself from liability, embarrassment and charges of misconduct by wrongfully and falsely convincing the Monroe County District Attorney's Office that there was reasonable cause to believe Plaintiffs had committed an unlawful offense.

67.     Thereupon because of said Criminal Information/Complaint, Plaintiffs were arrested and deprived of their liberty and arraigned before the ROCHESTER City Court to answer said charges and Plaintiffs were compelled to and did attend in person and in public before the ROCHESTER City Court and pleaded not guilty to said charges contained in said Criminal Informations and were compelled to and did hire a Defense Attorneys and were required to defend these charges.

68.     Plaintiff suffered and continue suffering great mental and bodily distress because of the said wrongful acts of Defendant Investigator Erin Rogers necessitating the employment of physicians; and Plaintiffs had been compelled to employ counsel for their respective defenses, and incurred great expense for their counsel and physicians and incurred and paid other expenses by reason of said proceedings all to their damage for a monetary sum that exceeds the jurisdictional limitations of all lower courts.

69.     Because of the action of the City of ROCHESTER by and through its City Police officers, agents, investigators and employees of these Defendants, Plaintiffs suffered shame, humiliation, indignity, damage to reputation and credit, violation of their civil rights, mental anguish, emotional distress and suffering and psychological and serious physical injuries, all of which, upon information and belief, are permanent in nature. Plaintiffs expended large sums of money for counsel fees and the cost of defense. Plaintiffs also suffered lost wages. Plaintiffs were detained, against their will, and deprived of their liberty.

70.     The felony charges against Defendant Frederick E. Walker were dismissed on or about July 30, 2019.

71.     Plaintiff served Notice of Intention to File a Claim within the time constraints set forth in §50-e of the General Municipal Code. A copy of the Notice of Intention to File Claim is attached to this Complaint.

72.     As a result of the foregoing, Plaintiffs have been damaged for an amount which exceeds the jurisdictional limits of all lower Courts.

CLAIMS FOR RELIEF

AS AND FOR A FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 – Police Brutality)

73. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

74. The Defendants, City and the RPD, including but not limited to Defendant Investigator Erin Rogers, under the color of law and within the scope of their authority, assaulted and battered Plaintiffs in violation of the civil rights of Plaintiffs, more particularly, 42 U.S.C. § 1983 as well as other applicable federal and state laws including the Fourth and Fourteenth Amendments to the United States Constitution.

75. The deprivation by the Defendants of Plaintiffs' civil rights was a result of Defendant Investigator Erin Rogers acting under color of law and within his authority as law a law enforcement officers within the employ of the defendant City and the RPD.

76. Defendant Investigator Erin Rogers acted to cover up the wrongful nature of their assault and battery upon Plaintiffs and fabricated a version of events leading up to and resulting in the assault and battery of the Plaintiffs, thereby working to deprive Plaintiffs of their constitutional rights, including the rights to be free from the intentional use of unreasonable force, to be free from unreasonable search and seizure and unreasonable and excessive force.

77. The Defendants, City and the RPD, including but not limited to Defendant Investigator Erin Rogers, were not acting with immunity when they deprived the Plaintiffs of their civil rights.

78. At no time during the events described above or as the events occurred did the Defendant officers have probable cause to restrain and assault and batter the Plaintiff.

79. At no time, either at the time and place of the police assault or at any time later and place did Plaintiff attempt to offer violence to any of the Defendants.

80. The aforementioned assault and battery of Plaintiffs was done knowingly, intentionally and willfully.

81. The aforementioned assault and battery was done negligently and recklessly.

82. The aforementioned assault and battery was done without reason or provocation.

83. By reason of said assault and battery, Plaintiffs were caused to suffer severe physical injuries, including pain and suffering, emotional and psychological distress.

### AS AND FOR A SECOND CAUSE OF ACTION
(42 U.S.C. §1983 – False Imprisonment)

84. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

85. There was no warrant for the arrest of Plaintiff on May 30, 2019. The arrest of Plaintiff was without reasonable grounds for anyone to believe Plaintiff had committed an offense and each of the Defendants who participated in the arrest and detention process knew they were without probable cause to arrest Plaintiff.

86. Neither at the time of the arrest, nor at any other time was Plaintiff informed of the grounds for said arrest. No complaint, information, or indictment was ever sworn against Plaintiff alleging offenses occurring prior to the moment defendants announced to Plaintiff that he was under arrest.

87. At no time during the events described above or as the events occurred did the Defendant officers have probable cause for the arrest of Plaintiff FREDERICK E. WALKER and there was no legal cause or excuse for his seizure.

88. The Defendants intentionally and recklessly perpetuated falsehoods associated with Plaintiff's arrest setting forth in reports and criminal information that he had committed an unlawful offense.

89. Plaintiff was arrested and brought down to the ROCHESTER Police Station based upon the fabrications of the Defendant RPD and Investigator Erin Rogers.

90. As a result of the concerted, unlawful and malicious arrest of Plaintiff, each of the Defendants, acting under color of law and within the scope of their authority, deprived the Plaintiff of his liberty without due process of law and deprived them of equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

91. As a result of their concerted, unlawful and malicious detention and confinement of Plaintiff, each of the Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C § 1983.

AS AND FOR A THIRD CAUSE OF ACTION
(42 U.S.C. §1983 – Monell Claim)

92. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

93. All of the acts and omissions by the RPD and Defendant Investigator Erin  Rogers described above were carried out pursuant to overlapping police policies and practices of the City which were in existence at the time of the conduct alleged herein and were engaged in with the

full knowledge, consent, and cooperation and under the supervisory authority of the Defendant, City, and its agency the RPD.

94. Defendant CITY, and the RPD, and their other policy making agents, servants and employees, authorized, sanctioned and/or ratified the individual police defendant's wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

95. The acts complained of were carried out by the individual defendant, Investigator Erin Rogers, in hia capacity as a police officers and as officials pursuant to customs, policies, usages, practices, procedures, and rules of the CITY and the RPD, all under the supervision of ranking officers of the RPD.

96. The aforementioned customs, practices, procedures and rules of the CITY and the RPD include, but are not limited to, the following unconstitutional practices:

    a.   Fabricating evidence to justify (or attempt to justify) otherwise suspicionless arrests;

    b.   Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c.   Failing to supervise, train and instruct officers on the continuum of force;

    d.   Failing to supervise, train and instruct officers on proper restraint procedures;

    e.   Failing to supervise, train and instruct officers on use of force and preventing excessive force;

    f.   Failing to adequately train its police officers regarding the proper methods for stopping citizens, the use of force, arrest procedures, and refraining from participating in conspiracies to violate constitutional rights;

g.   Promoting and tolerating a custom and police in which officers violate the constitutional rights of citizens through excessive force, unlawful stops, searches and seizures and by participating in conspiracies to violate constitutional rights;

h.   Failing to suspend, terminate or take disciplinary action against officers who violate rights of citizens by using excessive force, making unlawful stops, searche3s and seizures and participating in conspiracies to violate constitutional rights; and

i.   Failing to adequately supervise officers and retaining officers who are prone to using excessive force, making unlawful stops, searches and seizures, and participating in conspiracies to violate constitutional rights.

97. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in the following civil rights actions filed against the CITY.

98. The existence of the above-described unlawful *de facto* policies and/or well settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy-making officers and officials of the RPD and the CITY.

99. The aforementioned actions of Defendant Investigator Erin Rogers resulted from and were taken pursuant to the above-mentioned *de facto* policies and/or well-settled widespread customs and practices of the CITY, which are implemented by members of the RPD, of engaging in systemic and ubiquitous perjury, both oral and written, to cover-up federal law violations committed against citizens by either themselves or their fellow officers, supervisors, commanders who all: (i) tacitly accept and encourage a code of silence wherein police officers refuse to report other officers' misconduct or tell false and/or incomplete stories, *inter alia*, in sworn testimony, official reports, in statements to civilian review board, Internal Affairs Bureaus, and in public statements designed to cover for and/or falsely exonerate accused police officers; and (ii)

encourage and, in the absence of video evidence, blatantly exposing officers' perjury, fail to discipline officers for "testifying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up civil rights violations perpetrated by themselves or fellow officers, supervisors and/or subordinates against those civilians.

100. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including but not limited to the right:

a. Freedom from unreasonable searches and seizures of his person;

b. Freedom from arrest without probable cause;

c. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which Plaintiff was aware and did not consent;

d. Freedom from deprivation of liberty without due process of law; and

e. The enjoyment of equal protection, privileges and immunities under the laws.

101. Defendant CITY knew or should have known that the acts alleged herein would deprive Plaintiff of her rights, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

102. Defendant CITY is directly liable and responsible for the acts of the individual police Defendant Investigator Erin  Rogers because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulation of the CITY and the RPD, and to require compliance with the Constitution and Laws of the United States.

103. Despite knowledge of such unlawful *de facto* policies, practices and/or customs, these supervisory and policy-making officers and officials of the RPD and the CITY have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who

engage in such policies, practices and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or customs upon the constitutional rights of persons in the City of Rochester.

104. Such failures cause individual police officers, such as Defendant Investigator Erin Rogers, to feel empowered to exercise unreasonable and wholly unprovoked force against Plaintiff herein, arrest Plaintiffs without probable cause and falsely arrest Plaintiff FREDERICK E. WALKER.

105. Plaintiff's injuries were a direct and proximate result of the defendant CITY and RPD's wrongful *de facto* policies and/or well-settled and widespread customs and practices and of knowing and repeated failure of the Defendant CITY and RPD to properly supervise, train and discipline their officers.

106. The actions of the individual Police Defendant Investigator Erin Rogers, resulted from and was taken pursuant to the foregoing *de facto* policies and/or well settled and widespread customs and practices of the CITY, which implemented by agents or employees of the RPD.

107. Defendant, of employing wholly unprovoked and excessive force, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of the Plaintiff's constitutional rights.

108. As a direct and proximate cause of the acts of all defendants as set forth above, Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of the constitutional and statutory rights guaranteed by the fifth and fourteenth amendments of the constitution of the United States and protected by 42 U.S.C §1983.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (New York Constitution Art I, 11)

109.  Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

110.  By the aforesaid acts, Defendants have violated Plaintiffs' right to equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to a cause of action pursuant to that article.

111.  The conduct and actions of each of the defendants, acting under color of law, is assaulting, battering, falsely arresting, imprisoning, and using excessive force against Plaintiff FREDERICK E. WALKER were done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, without lawful justification, and were designed to and did cause specific and serious bodily injury, mental and emotional harm, and pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the laws and Constitution of the State of New York. As a result of said actions, Plaintiff was deprived of such rights, including, but not limited to, rights under Article I, 8-9 of the New York State Constitution guaranteeing freedom of expression and association, Article I, 12, guaranteeing protection against unlawful seizure of his person, Article I, 11, guaranteeing due process and equal protection under the law, and Article I, 15, guaranteeing protection from cruel and unusual punishment.

112.  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Assault and Battery)

113.  Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

114. By the actions described above, Defendant, did inflict assault and battery upon Plaintiff FREDERICK E. WALKER. The acts of conduct of these Defendants was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights guaranteed by the laws and Constitution of the State of New York.

115. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, psychological and emotional injury, costs and expenses and was otherwise damaged and injured.

116. For all claims under New York State Law, defendants are jointly and severally liable to Plaintiff inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5,7 and 11 of the Civil Practice Law and Rules of the State of New York.

AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest and Imprisonment)

117. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

118. By the actions described above, each of the defendants caused to be falsely arrested or falsely arrested Plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

119. The false arrest and confinement of the Plaintiff Frederick E. Walker occurred after he was falsely charged and arrested causing him to suffer permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffer emotional and physical distress and injuries.

120.  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Negligence)

121.  Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

122.  Each of the Defendants, jointly and severely, negligently caused injuries, emotional distress and damage to the Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of the injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

123.    That solely by reason of the negligence of the Defendants and Defendant Investigator Erin Rogers, as aforesaid, the Plaintiff became sick, sore, lame and disabled and suffered and is still suffering great physical and mental pain and discomfort. Plaintiff was compelled to and did obtain medical aid, and was prevented from engaging in physical, social activities, and caused his disability from attending his customary and usual activities, and all of his injuries, upon information and belief, are of a permanent nature, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

124.  Plaintiffs did not engage in any culpable conduct and the injuries suffered by Plaintiffs as alleged herein were caused solely by the negligence of the Defendants without any contribution on the part of the Plaintiffs.

125.  As a result of the foregoing, the Plaintiffs suffered damages including specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured for an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligent Hiring)

126. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

127. The defendants CITY and RPD did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agents, servants and employees and were negligent in the hiring, training and retention of the defendant Investigator Erin Rogers, so as to cause serious physical injury to Plaintiff.

128. Such negligence consisted of negligence in training, hiring, supervision and retention of defendant Investigator Erin Rogers; in failing to observe the existing police department protocols for police officers designed to govern use of force causing serious injuries both physical and emotional resulting in serious and permanent physical injury and discrimination arising and resulting out of the aforementioned wrongful arrest of the Plaintiff and further, deprived Plaintiff's civil rights, privileges and immunities secured under the Constitutions of the United States of America and State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used under similar circumstances; in hiring and retaining persons who were unfit to serve as police officers; failing to properly investigate their background; failing to properly train and instruct police officers, especially regarding abuse of power while in the field; failing to give police officers proper instructions on the use of force, in particularly when engaging in physical restraint or an escort; improperly supervising police officers in the field, including the police officers as well as the staffing, administration and processing of persons suspected of violation of criminal laws of the State of New York which allowed the injuries suffered by Plaintiffs, which resulted in the serious and permanent physical injuries Plaintiffs sustained.

129. The Defendants, City and RPD, through their agents, servants, employees, including but not limited Defendant Investigator Erin Rogers, were negligent, reckless and careless in causing injury to Plaintiff.

130. The Defendants City and RPD had prior knowledge of the inappropriate, unlawful, and improper conduct of the Defendant Investigator Erin Rogers, and continued to employ them to be in contact with the public at large.

### AS AND FOR A NINTH CAUSE OF ACTION
(Punitive Damages)

131. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

132. The actions of all of the Defendants herein above alleged were malicious, willful and grossly negligent.

133. The Defendants CITY and RPD authorized, permitted and ratified the unlawful and negligent acts of defendant Investigator Erin Rogers.

134. By reason of the foregoing, Plaintiffs seek judgment for punitive damages against the defendants CITY and RPD, including but not limited to defendant Investigator Erin Rogers, in a sum exceeding the jurisdictional limits of all lower courts.

135. As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered specific serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

136. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

137. Defendant Investigator Erin Rogers, seized, detained, arrested and prosecuted the Plaintiff without probable cause for the offenses charged against him.

138. The action of the Defendant Investigator Erin Rogers initiating this criminal prosecution was malicious and intended to harm and injure Plaintiff.

139. As a result of the malicious prosecution of the Plaintiff suffered injuries to his reputation, incurred legal expenses, suffered mental anguish, shame, emotional distress, humiliation, ridicule and embarrassment.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Prima Facie Tort)

140. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

141. Defendants failed to adhere to proper police protocol prior to seizing and restraining Plaintiffs.

142. As a result of the foregoing, the Plaintiff was deprived of his liberty, suffered specific serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiffs FREDERICK E. WALKER respectfully seeks Judgment upon all causes of action against the Defendants as follows:

1. Compensatory damages in the form of general and special damages against all defendants, jointly and severely, in an amount that has yet to be ascertained and according to the proof to be determined at trial;

2. Punitive damages against individual Defendant Investigator Erin Rogers in an amount to be determined at trial;

3. Declaratory judgment declaring that Plaintiff's constitutional rights to be free from unlawful arrest, search and seizure and excessive force under the Fourth and Fourteenth Amendments were violated by Defendants.

4. Declaratory judgment declaring that the defendant Investigator Erin Rogers and Defendant City of ROCHESTER violated Plaintiff's constitutional rights by failing to intervene and to protect Plaintiff's constitutional rights;

5. Reasonable costs of this suit incurred herein;

6. An award of reasonable attorney's fees pursuant to 42 U.S.C. §1988;

7. Such other and further relief as this Court may deem just and proper.

Dated: May 10, 2019

_____

FRESDERICK E. WALKER
59 Hall Street
Rochester, New York 14609
Tele: (585) 576-3538
Email: frederickwalker100@gmail.com